UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
WINDWARD BORA, LLC,

              Plaintiff,

              -against-

HECTOR F. ALARCON; NEW YORK CITY
PARKING VIOLATIONS BUREAU; NEW YORK
CITY CRIMINAL COURT; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY DEPARTMENT OF FINANCE;
DEPARTMENT OF HOUSING PRESERVATION
& DEVELOPMENT; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; "JOHN
DOE" and "JANE DOE," the last two names being
fictitious, said parties intended being tenants or
occupants, if any, having or claiming an interest in, or
lien upon, the premises described in the complaint,

              Defendants.

------------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**

19-CV-3490 (KAM)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      Windward Bora, LLC ("Plaintiff") brought this action against Hector F. Alarcon ("Alarcon") pursuant to N.Y. REAL PROP. ACTS. LAW §§ 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 100-08 87th Avenue, Richmond Hill, NY 11418 (the "Property"). (*See* Complaint, Dkt. 1.) The Complaint also names the New York City Parking Violations Bureau ("PVB"), New York City Criminal Court ("Criminal Court"), New York City Transit Adjudication Bureau ("TAB"), New York City Department of Finance ("DOF"), New York City Department of Housing Preservation & Development ("HPD"), and New York City Environmental Control Board ("ECB") as judgment creditors with judgments subordinate to the Mortgage (Compl. ¶¶ 5-10), and additional parties "John Doe" and "Jane Doe" as "tenants, occupants, persons, or corporation[s], if any, having or claiming an interest in or lien upon the [ ] Property." (*Id.* ¶ 11.)

1

Before this Court on referral from the Honorable Kiyo A. Matsumoto is Plaintiff's Motion for Default Judgment (the "Motion"). (*See* Dkt. 10; Order dated April 14, 2020.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted as to Defendants Alarcon, HPD and ECB only.

## BACKGROUND

On September 12, 2007, Alarcon borrowed $116,950.00 from National City Bank by a note dated the same day (the "Note"). (Compl. ¶ 15; Dkt. 1-4.) He secured the Note through a mortgage (the "Mortgage") that encumbered the Property. (Compl. ¶ 16; Dkt. 10-2.) The Mortgage was recorded in the office of the City Register on January 15, 2008. (*Id.*)

Alarcon defaulted on the Note by "having failed to make monthly payments on June 1, 2013 to date." (Compl. ¶ 18.)

Plaintiff became the owner and holder of the Note and Mortgage before the Complaint was filed through an assignment on October 15, 2017. (Compl. ¶¶ 17, 19; Allonge to the Note, Dkt. 1-4; Transcript of Inquest Hearing ("Tr.") at 12.) The Complaint states that Plaintiff "is in compliance with RPAPL § 1306" and that it "has complied with all provisions of Section 595a and Section 6-1 of the Banking Law." (*Id.* ¶¶ 20-21.)

Plaintiff filed the Complaint on June 12, 2019 seeking mortgage foreclosure against Alarcon, and naming PVB, the Criminal Court, TAB, DOF, HPD, and ECB as defendants, alleging that they are judgment creditors by virtue of judgments docketed against Alarcon and/or the Property which are subordinate to the Mortgage. (Compl. ¶¶ 5-10; HPD Liens, Dkt. 1-2; ECB Liens, Dkt. 1-3.) It also named additional parties "John Doe" and "Jane Doe" as possible occupants claiming an interest in or lien upon the Property. (Compl. ¶ 11.)

Plaintiff served the Complaint on each named Defendant. (Affs. of Service, Dkts. 5, 6.) None of the Defendants answered or otherwise responded. (Dkt. 10-1, "Golden Decl." ¶ 7.) Upon

2

request of Plaintiff, the Clerk of the Court issued a Certificate of Default on August 29, 2019. (Dkt. 9.) Plaintiff filed the Motion on September 27, 2019. (Dkt. 10.) On the same day, Plaintiff served the Motion on each Defendant. (Aff. of Serv. of Motion, Dkt. 11.)

An inquest was held on July 2, 2020, at which Defendants did not appear. (Minute Entry dated July 2, 2020.) Thereafter, Plaintiff was given leave to submit a revised proposed order with new damages calculations. (*See id.*) Plaintiff submitted the revised proposed order on July 10, 2020, seeking damages in the amount of $90,892.08 in unpaid principal and interest calculated to July 1, 2020 in the amount of $48,791.52. (Dkt. 13.) Upon further inquiry by the Court, Plaintiff filed proof of its compliance with RPAPL § 1304. (Dkt. 16-3).

## DISCUSSION

### I. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the procedure that applies in cases where there is a default in the course of litigation. *See* Fed. R. Civ. P. 55; *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). It provides "a 'two-step process' for the entry of judgment against a party who fails to defend." *Mickalis*, 645 F.3d at 128; *see also GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). Then, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *United States v. Myers,* 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017) (citations omitted). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne*, 696 F. Supp. 2d at 208. The Court must ensure that (1) jurisdictional requirements are satisfied, *see Mickalis*, 645 F.3d at 125-

3

27, 133; (2) the plaintiff took all the required procedural steps in moving for default judgment, Local Civ. R. 55.2(c); and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

The court exercises significant discretion in deciding whether to grant a default judgment, including whether the grounds for default are clearly established and the amount of damages. *See GuideOne*, 696 F. Supp. 2d at 208; *see also Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW) (CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted,* 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012); *Mickalis*, 645 F.3d at 129.

**II. Jurisdictional and Procedural Requirements**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, the federal diversity statute. The matter in controversy exceeds $75,000. (Compl. ¶ 13.) *See* 28 U.S.C. § 1332(a)(1). Additionally, Plaintiff has met the burden of establishing diversity of citizenship as to all Defendants. Plaintiff is a limited liability company organized under the laws of Delaware, whose sole member, Yonel Devico, is a resident of Florida. (Compl. ¶¶ 2, 3.) Defendant Alarcon is a citizen of the State of New York. (*Id.* ¶ 4.) Defendants PVB, the Criminal Court, TAB, DOF, HPD, and ECB are citizens of New York. (Compl. ¶¶ 5-10.)

Alarcon was served with a copy of the summons and Complaint at his place of residence (which is not the Property) through an adult relative who verified that he lived there, and a copy was also mailed to his address. (Dkt. 5 at 1, 2.) New York City agency defendants PVB, DOF, and ECB were properly served through the New York City Corporation Counsel's office, located at 100 Church Street. (Dkt. 5 at 3, 5, 7.) Defendants TAB, HPD and the Criminal Court were served through persons of suitable age who indicated they were authorized to accept service. (Dkt. 5 at 4, 6; Dkt. 6.) Service on "John Doe" and "Jane Doe" was attempted at the Property but was

4

unsuccessful because the Property has been vacant for three years. (Dkt. 5 at 8-9.) Since there was no service on John Doe and Jane Doe, the action against those defendants should be dismissed.

Additionally, Plaintiff has taken the required procedural steps and submitted all the correct papers necessary for its motion. It submitted the notice of motion (Dkt. 10), a memorandum of law (Dkt. 10-9), and all relevant exhibits necessary for its motion. Fed. R. Civ. P 55(b)(2). In addition, it attached the Clerk's certificate of default (Dkt. 10-7), a copy of the Complaint (Dkt. 10-3.), and a proposed order (Dkt. 13.) Pursuant to Local Rule 55.2(c), Plaintiff also submitted to the Court proof of mailing of the Motion to each defendant. (Dkt. 11.)

### III. Liability

A defendant who defaults admits all "well-pleaded" factual allegations in the Complaint, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Windward Bora LLC v. Qazi*, No. CV-18-6912 (DRH) (ARL), 2019 WL 2374847, at *2 (E.D.N.Y. May 16, 2019), *R&R adopted*, 2019 WL 2374372 (E.D.N.Y. June 5, 2019). When determining liability, the Court accepts as true all well-pleaded allegations in the Complaint, drawing all reasonable inferences in favor of Plaintiff. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Finkel*, 577 F.3d at 84. The Court may conduct hearings if it needs to "establish the truth of any allegations by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2). Even if the alleged facts are deemed admitted, they must nevertheless be examined to see whether they constitute legitimate causes of action. *See Mickalis*, 645 F.3d at 137 ("… a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel*, 577 F.3d at 84) (alterations omitted).

#### A. **Defendant Alarcon**

"To establish a *prima facie* case of foreclosure in New York, a plaintiff must show (1) a mortgage, (2) an unpaid note, and (3) proof of default." *1077 Madison St., LLC v. Smith*, 670 F.

5

App'x 745, 746 (2d Cir. 2016). If the plaintiff did not originate the loan, it is required to prove its "valid and current ownership of the instruments." *Miss Jones LLC v. McCormick*, No. 16-CV-7129 (WFK) (RER), 2017 WL 4877437, at *2 (E.D.N.Y. Aug. 9, 2017), *R&R adopted*, 2017 WL 4898278 (E.D.N.Y Oct. 27, 2017). A plaintiff must also show compliance with RPAPL §§ 1304 and 1306. *See CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) ("Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition"); RPAPL § 1306 ("Any complaint served in a proceeding initiated pursuant to this article shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section"). "[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case … it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Windward Bora LLC v. Qazi*, 2019 WL 2374847, at *2.

Plaintiff submitted a copy of the Mortgage and Note, establishing that Alarcon executed a mortgage and security agreement with the original lender National City Bank in the amount of $116,950.00. (*See* Dkt. 10-2.) An allonge to the Note shows that it was assigned to Plaintiff by Liberty Holdings NYC, LLC, who held the Note previously. (Dkt. 1-4 at 9.) Plaintiff became the current holder and owner of the Note and Mortgage on October 15, 2017. (Compl. ¶¶ 17, 19; s*ee also* Tr. at 12.) *See 1077 Madison St.*, 670 F. App'x at 746-47 ("Physical possession of a note establishes standing where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff.") (quotations omitted).

According to the terms of the Mortgage, default occurs if the borrower fails to make a payment when due. (Dkt. 10-2, Mortgage § 8.) Beginning on June 1, 2013, despite demand from

Plaintiff, Alarcon failed to make monthly payments, thereby defaulting on the Note. (Compl. ¶ 18; *see also* Yonel Devico Affidavit in Support of the Motion ("Devico Aff.") ¶ 4, Dkt. 10-5.)

Plaintiff served 90-day notices by certified and first-class mail to Alarcon in accordance with RPAPL § 1304. (Dkt. 16-3).[1] Plaintiff also alleged compliance with RPAPL § 1306. (Compl. ¶ 20).

Plaintiff has thus presented a *prima facie* case of foreclosure. By failing to appear in this action, Alarcon has not rebutted its case.

Accordingly, the undersigned recommends that Plaintiff's request for a default judgment against Alarcon be granted.

### B. **Non-Mortgagor Defendants**

Plaintiff seeks default judgments against PVB, the Criminal Court, TAB, DOF, HPD, and ECB to terminate their alleged interests in the Property. In all proceedings involving real property, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary defendant. N.Y. REAL PROP. ACTS. LAW § 1311(3) (McKinney, 2019). Including these parties is important since "the foreclosure

---

[1] Plaintiff points out that compliance with RPAPL § 1304 is not required because Alarcon does not live at the Property. (Dkt. 16 at 2.) *See Gustavia Home, LLC v. Vaz*, No. 19-3088, 2020 WL 5868286, at *2 (2d Cir. Oct. 2, 2020) ("…our reading of the case law from the intermediate appellate courts of New York is that a loan cannot be a "home loan" within the meaning of RPAPL § 1304 when the borrower does not reside at the property secured by the loan at the time of the borrowing or at any time thereafter.") It also takes issue with the Court inquiring into this issue *sua sponte*. (Dkt. 16 at 1, citing *Flagstar Bank, FSB v. Jambelli*, 140 A.D.3d 829, 830 (2016)). In *Flagstar Bank*, the New York State Supreme Court, Appellate Division held that "failure to comply with RPAPL 1304 is not jurisdictional" and can be waived by a defaulting defendant. *Id.* But a plaintiff seeking to foreclose on a "home loan" within the meaning of RPAPL § 1304 must still plead compliance with RPAPL § 1304 to establish its *prima facie* case. *See Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 100 (2011) ("… proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition"). In the Complaint, Plaintiff did not allege compliance with RPAPL § 1304, but it did allege that Alarcon resided at the Property. (Compl. ¶ 4, alleging Alarcon's address is the same as the Property's address.) Courts "may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to … establish the truth of any allegation by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Finkel*, 557 F.3d at 84.

7

action will extinguish the rights of all parties with subordinate interests in the property." *Miss Jones LLC*, 2017 WL 4877437, at *3.

In cases where the city or an administrative board of the city is named as a defendant affecting real property, the complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." N.Y. REAL PROP. ACTS. LAW § 202-a (McKinney, 2019). For a court to grant a default judgment against city defendants, a complaint should have more than just "bare allegations" that the city entities were necessary because of possible liens encumbering the property. *See, e.g., Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015), *as amended*, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *R&R adopted sub nom. One W. Bank, N.A. v. Cole*, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253 (CBA), 2014 WL 3525011, at *12 n.30 (E.D.N.Y. Mar. 12, 2014), *R&R adopted*, 2014 WL 3528460 (E.D.N.Y. July 15, 2014).

Plaintiff provided a copy of a lien against Alarcon held by HPD, a New York City agency, in the amount of $19,150.00. (HPD Liens, Dkt. 1-2.) *See* N.Y. REAL PROP. ACTS. LAW § 202-a. By providing documentation showing HPD's interest in the Property, Plaintiff has met the heightened pleading standard that is required for this defendant. *See Cole*, 2015 WL 4429014, at *4. Accordingly, the undersigned recommends that default judgment against HPD be granted.

Similarly, ECB is a New York City administrative tribunal, and Plaintiff submitted documentation of a lien in the amount of $800 against Alarcon and the Property. (Dkt. 1-3 at 4.) Accordingly, the undersigned recommends that default judgment against ECB be granted.

Plaintiff has shown a Queens Criminal Court lien of $200 against "Hector Alarcon" at an address that is neither the Property nor defendant Alarcon's current address. (Dkt. 1-2 at 1.)

8

Because Plaintiff does not demonstrate that this is a lien against the Property or defendant Alarcon, the undersigned recommends that the Complaint be dismissed against defendant Criminal Court.

Plaintiff also does not provide detailed facts of liens against Alarcon held by TAB, PVB or DOF. (*See* Dkt. 1-3 at 1, 5.) It provides documentation of a lien held by "New York State Department of Taxation and Finance" against an entity with an address at the Property in the amount of $1,794.25, but there is no mention of the New York City Department of Finance. (Dkt. 1-3 at 1.) Moreover, while PVB is an administrative tribunal within the DOF, *see* N.Y.C. Admin. Code § 19-201, there is no indication of a lien held by either of those entities. (*See* Dkt. 1-3 at 5.)

Accordingly, the undersigned respectfully recommends that default judgment be entered against HPD and ECB, but that the action against the Criminal Court, TAB, PVB, and DOF be dismissed.

### IV. Damages

In addition to the judgment of foreclosure and sale, Plaintiff also seeks to recover the unpaid principal balance and interest accrued since Alarcon's default. (*See* Golden Decl. at 3.) While the Complaint sought "reasonable attorneys' fees, plus costs and disbursements" and any advances Plaintiff may have made for utilities, insurance and taxes (Compl. ¶¶ 23, 26), in the Motion and at the inquest, Plaintiff stated it does not seek to recover attorneys' fees or costs and disbursements. (Golden Decl. ¶ 3; Tr. at 19.)

Plaintiff submitted an affidavit of its Vice President Yonel Devico, stating that based on his review of the business records, Alarcon owes an outstanding balance of $90,892.08 in unpaid principal. (Dkt. 10-5 ¶ 4.) Using the annual rate of 7.875% stated in the Note, Devico calculated that the daily interest rate on this amount equals $19.88. (Tr. at 14.) When questioned about this number, Devico testified that after multiplying the unpaid principal balance by the annual interest rate to get the annual interest amount due ($7157.75), he divided it by 360 days. (Tr. at 14.) He

9

provided no reason for using 360 days instead of the actual number of 365 days per year.[2] The undersigned rejects this method of calculating interest and instead divides the yearly amount due by 365 days, arriving at a daily interest amount of $19.61.

Plaintiff requested that interest be calculated from December 1, 2013.[3] (Tr. at 13.) As of July 1, 2020, the time of the inquest, 2404 days had elapsed. (Tr. at 13-14.)

Accordingly, the undersigned recommends that Plaintiff be awarded damages in the amount of (i) $90,892.08 for the unpaid principal balance on the Note, (ii) $47,142.44 in interest accrued through July 1, 2020, and (iii) interest at the rate of $19.61 per day from July 2, 2020 until the entry of the Judgment of Foreclosure and Sale.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion be granted as to defendant Alarcon, and that the Court award Plaintiff damages consisting of (1) $90,892.08 for the unpaid principal balance; (2) $47,142.44 in interest accrued through July 1, 2020, and (3) interest at the rate of $19.61 per day from July 2, 2020 until entry of the judgment, and enter the attached Judgment of Foreclosure and Sale. The undersigned further respectfully recommends that default judgment be entered against defendants HPD and ECB, and that the Motion be denied as to defendants the Criminal Court, TAB, PVB, DOF, John Doe and Jane Doe and that those defendants be dismissed.

Plaintiff is directed to serve this Report and Recommendation and its attachments on Defendants forthwith and file proof of service on the docket no later than **October 14, 2020**. Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of

---

[2] The undersigned notes that if 360 were being used because the Note refers to a monthly interest rate (dividing the annual rate by 12), then a monthly amount due should be used to calculate the total interest due, not a daily amount. In other words, it would be unfair to divide by 360 and then multiply by 365.

[3] Plaintiff waived any interest before this date. (Tr. at 7.)

service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
October 9, 2020