```
United States District Court
Eastern District of New York
```

------------------------------------X

Windward Bora, LLC

        Plaintiff,  **Memorandum and Order**

  - against -  No. 19-cv-03490(KAM)(PK)

Hector F. Alarcon et. al.,

        Defendant.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

By motion filed on October 20, 2025, Defendant Hector F. Alarcon ("Defendant" or "Alarcon") moves to vacate the Default Judgment of Foreclosure and Sale issued on November 6, 2020, (ECF No. 20), and the Revised Judgment of Foreclosure and Sale issued on June 16, 2025, (ECF No. 25), or in the alternative, for a stay of thirty days. (ECF No. 30 (the "Motion" or "Mot.").) Defendant's Motion is respectfully DENIED.

## BACKGROUND

Plaintiff Windward Bora, LLC filed a Complaint against Defendant pursuant to N.Y. REAL PROP. ACTS. LAW §§ 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 100-08 87th Avenue, Richmond Hill, NY 11418 (the "Property"), and named as Defendants certain other judgment creditors ("Judgment Creditors") by virtue of judgments docketed

against Defendant Alarcon and/or the Property. (ECF No. 1 at 1-3.)  The Complaint also named additional parties "John Doe" and "Jane Doe" (together with "Alarcon" and the "Judgment Creditors," the "Defendants") as possible occupants claiming an interest or lien on the Property.  (*Id.* at 3-4.)

None of the Defendants answered or otherwise responded. On September 27, 2019, Plaintiff moved for a Default Judgment of Foreclosure and Sale. (ECF No. 10.) On June 22, 2020, Magistrate Judge Peggy Kuo ordered a telephonic inquest on Plaintiff's motion for default judgment, advised that Plaintiff be prepared to discuss the history of transfer of ownership of the mortgage note at such inquest, directed Plaintiff to file proof of mailing of Plaintiff's motion for default judgment, and directed Plaintiff to serve the order on Defendant.  (ECF Dkt. Order dated Jun. 22, 2020.)  On July 1, 2020, Plaintiff filed proof of service on September 27, 2019 for its motion for default judgment.  (ECF No. 11.)  On July 1, 2020, Plaintiff also filed proof of service on June 25, 2020 for the Court's June 22, 2020 Order.  (ECF No. 12.)  On July 2, 2020, Magistrate Judge Peggy Kuo held the telephonic inquest.  (ECF Minute Entry dated July 2, 2020).

On July 10, 2020, Plaintiff filed an Order for Judgment of Foreclosure and Sale.  (ECF No. 13.)  On November 6, 2020, the Court so-ordered Plaintiff's Order for Judgment of Foreclosure

and Sale. (ECF No. 20.) The Court adopted the Revised Report and Recommendation of Magistrate Judge Peggy Kuo to enter a default judgment in favor of Plaintiff against Defendant (ECF No. 17) and granted Plaintiff's Motion for Default Judgment against Defendant Alarcon. (ECF Dkt. Order dated Nov. 9, 2020). The Clerk of Court entered a default judgment against Defendant on November 10, 2020. (ECF No. 21.)

Plaintiff requested a revised Judgment of Foreclosure and Sale on June 10, 2025 to change the listed location of the foreclosure auction from Queens County Supreme Court, located at 88-11 Sutphin Boulevard, Jamaica, New York to the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York. (ECF No. 23.) Plaintiff stated that it had initially mistakenly left the Queens County Supreme Court as the address of sale and had difficulty scheduling a sale at the Queens County Supreme Court because it was customary to conduct foreclosure sales at the courthouse that issued the Judgment of Foreclosure and Sale. (ECF No. 24.) This Court subsequently issued a Revised Judgment of Foreclosure and Sale changing the location of the foreclosure sale on June 16, 2025. (ECF No. 25 ("Revised Judgment.").)

On October 16, 2025, almost five years after default judgment was entered, and one week before the scheduled foreclosure sale of the Property, Defendant Alarcon made his

3

first appearance in this action[1] to request that this Court dispense with its pre-motion conference requirement for Alarcon's anticipated motion to vacate the default judgment. (ECF No. 28.)  The Court ordered expedited briefing without a pre-motion conference on October 17, 2025.  (ECF Dkt. Order dated Oct. 17, 2025).  On October 20, 2025, Defendant filed the instant Motion.  On October 21, 2025, Plaintiff filed its opposition. (ECF No. 31.)  This Court issued a temporary stay of the foreclosure sale over concerns in the chain of assignments. (ECF Dkt. Order dated Oct. 22, 2025.)  At Plaintiff's request (ECF No. 32), the Court held a hearing on Defendant's motion on October 29, 2025 and directed the Plaintiff to file certain supplemental documents establishing the chain of assignments of the mortgages, which Plaintiff filed, (ECF No. 33.)

## **DISCUSSION**

Defendant has not shown good cause to vacate the default judgment, and his motion is therefore denied.  In deciding whether to vacate a default judgment, a district court must consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3)

---

[1] Despite service of the Plaintiff's summons, complaint, and motion for default judgment, the Court's Order dated Jun. 22, 2020 for an inquest, and the Court's Revised Report and Recommendation recommending that Plaintiff's motion for default judgment be granted as to Defendant, Defendant failed to respond. (ECF Nos. 5, 11, 12, 18.)

4

whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Defendant was properly served with the summons and complaint, and the motion to enter a default judgment, but offers no reason for why his default was not willful or how Plaintiff would not be prejudiced by a vacatur after Defendant's almost five-year long inaction until the eve of the foreclosure sale. Defendant also offers no meritorious defense to his failure to pay on the mortgage.

Defendant's allegation that Plaintiff did not have standing to commence this foreclosure action because Plaintiff sued in state court against its predecessor in interest, Liberty Holdings NYC, LLC, does not establish a lack of standing. (*See* Mot. at 4-5.) Plaintiff had standing to commence this foreclosure action via a valid chain of assignment from National City Bank to PNC Bank N.A. as successor by merger, (ECF No. 31-2 at 8); from PNC Bank N.A. to Liberty Holdings NYC, LLC, (ECF No. 33-1); and from Liberty Holdings NYC, LLC to Windward Bora, LLC, (*See* ECF No. 31-2 at 9 (allonge), ECF No. 31-12 at 3 (state court default judgment holding that Plaintiff is the valid assignee of the HELOC and its corresponding mortgage as of October 15, 2017)); *see also Windward Bora, LLC v. Weiss*, No. 1:20-CV-3668 (FB), 2025 WL 2822612, at *2 (E.D.N.Y. Oct. 3, 2025) (holding that barring any evidence to the contrary, an allonge attached to a HELOC is a valid assignment sufficient to

5

establish standing).

Defendant also fails to establish a basis under Rule 60(b) for vacatur.  A Rule 60(b) motion "is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (internal citations omitted).  The Second Circuit has cautioned that "final judgments should not be lightly reopened" in the interests of "preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Defendant has failed carry his burden to establish the "exceptional circumstances" required for Rule 60(b) relief.  *See Int'l Bhd. of Teamsters*, 247 F.3d at 391.

Defendant's motion under Rule 60(b)(1) and (3) is time-barred and insufficient.  Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order").  Though Defendant fails to explicitly assert how his motion is timely, any argument that a ministerial change to the Revised Judgment resets the limitations period is baseless. "Courts calculate the one-year limitation period using the date of the original default judgment" where the amended judgment simply corrects "a typographical error" and does not "alter the court's finding of liability." *Singh v. Meadow Hill Mobile Inc.*, No. 20-CV-3853 (CS), 2023 WL 3996867, at *8 (S.D.N.Y. June 14,

6

2023); *see also Quintana v. Young Blooming, Inc.*, No. 12-CV-120, 2016 WL 1273231, at *3-4 (E.D.N.Y. Mar. 30, 2016) (calculating one-year limitation period from original judgment date because "the Corrected Default Judgment did not alter . . . the Court's finding of Defendants' liability"); *Jones v. Swanson*, 512 F.3d 1045, 1049(8th Cir. 2008) (same). Defendant's motion for vacatur under Rule 60(b)(1) and (3), almost five years after entry of default judgment, is untimely and is thus denied.

Rule 60(b)(6) also provides no avenue for vacatur. "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotations and citations omitted). Defendant merely cites to Rule 60(b)(6) and provides no additional grounds for relief other than those supporting his Rule 60(b)(1) and Rule 60(b)(3) grounds for vacatur. This is insufficient for relief under Rule 60(b)(6).

Defendant also fails to carry his burden for a stay. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). Defendant cites no case authority or statutory grounds to grant a stay. Defendant asserts that a stay is warranted to allow Defendant to pay and satisfy Plaintiff's credit line mortgage in full, ignoring the fact that he has had years to do so. (Mot. at 6.) Defendant's arguments do not outweigh Plaintiff's interest in proceeding

7

expeditiously or provide justification for Defendant's failure to act for almost five years until the eve of sale. Defendant is free to negotiate with Plaintiff to pay off the mortgage without the Court's intervention.

## CONCLUSION

Accordingly, the motion to vacate default judgment, or in the alternative, to grant a thirty-day stay of sale is respectfully denied. The temporary stay imposed via the October 22, 2025 ECF Docket Order is hereby lifted.

**So ordered.**

Dated:     November 3, 2025
           Brooklyn, New York
                                    _____
                                    **Kiyo A. Matsumoto**
                                    United States District Judge
                                    Eastern District of New York